DENNIS ROSE, Plaintiff-Appellant, *v.* CENTRALIA TOWNSHIP HIGH SCHOOL DISTRICT NO. 200 *et al.*, Defendants-Appellees.

Fifth District   No. 77-379

Opinion filed April 21, 1978.

George H. Huber, of Vandalia, for appellant.

James B. Wham, of Wham & Wham, of Centralia, for appellees.

PER CURIAM:

The plaintiff, Dennis Rose, appeals from an order denying his second motion to reconsider and to file an amended complaint.

On May 22, 1975, the trial court entered the following order dismissing plaintiff's second amended complaint:

"ORDER

The amended complaint fails to state a cause of action for reasons set forth in the motion to dismiss inasmuch as the weight of

authority in Illinois supports the position of defendants. Wherefore, Counts I and II and each of them of the Amended Complaint be and the same are hereby dismissed and judgment is entered for defendants and against the plaintiff and defendants shall have and recover their costs from plaintiff and defendants shall go hence without day."

The docket sheet indicates that on June 11, 1975, a motion to reconsider was filed. Said motion was not made part of the appellate court record. The court's order of May 22, 1975, was a final appealable order, because a general dismissal with no right to plead over, and not followed by a request to plead over is a final appealable order. (*Bates v. Ulrich* (4th Dist. 1976), 38 Ill. App. 3d 203, 347 N.E.2d 286.) Substance, not form, determines whether the order is final. (*Peach v. Peach* (2d Dist. 1966), 73 Ill. App. 2d 72, 218 N.E.2d 504.) The record indicated that the trial court intended the order in question to be final. Twice previously the court specifically allowed leave to amend. Although the phrase "defendants go hence without day" are not words of art essential to finality (*Lakatos v. Prudence Mutual Casualty Co.* (1st Dist. 1969), 113 Ill. App. 2d 310, 252 N.E.2d 123), the use of that phrase is another indication that the order is final. Had the order been other than final, the trial judge would have had no authority to assess the costs. *Bates v. Ulrich* (4th Dist. 1976), 38 Ill. App. 3d 203, 347 N.E.2d 286.

On October 5, 1976, the court denied plaintiff's motion to reconsider. On November 3, 1976, plaintiff filed a motion to reconsider the order of October 5, 1976, and to file a second (*sic*) amended complaint. Said motion shall hereafter be referred to as the second motion to reconsider. The trial court denied the second motion to reconsider on June 7, 1977. On July 6, 1977, plaintiff filed his notice of appeal.

■■ This case must be dismissed, because there is no authority for a second motion to reconsider a final order of the trial court. A trial court ordinarily has no authority to vacate, modify or reconsider an order more than 30 days after its rendition. (*In re Estate of Ireland* (2d Dist. 1971), 132 Ill. App. 2d 157, 267 N.E.2d 681.) Section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3) may not be relied upon to enlarge the time for appeal by the filing of repeated or successive motions to reconsider, each filed within 30 days after denial of the previous one. The statutory language seems to contemplate only one such motion as a parallel to the one post-trial motion previously provided for in jury cases by section 68.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.1) and its predecessors. If the proliferation of such motions were permitted to its logical extreme, neither appellate review nor finality of judgments could ever be accomplished. (*In re Schwarz' Estate* (1st Dist. 1965), 63 Ill. App. 2d 456, 212 N.E.2d 329.) Under the compulsion of

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)), defendant, to perfect a timely appeal, was required to file a notice of appeal within 30 days of the court's order entered on October 5, 1976, denying the first motion to reconsider. To hold to the contrary would not only violate the spirit of our rule, which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to reconsider. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) We conclude, therefore, that the notice of appeal was not filed in apt time and that we are without jurisdiction to entertain the appeal.

For the foregoing reasons, the appeal from the Circuit Court of Marion County is dismissed.

Appeal dismissed.

Mr. JUSTICE JONES took no part in the consideration or decision of this case.