NANCY DRAFZ, Plaintiff-Appellee, *v.* PARKE, DAVIS & COMPANY, Defendant-Appellant.—(G. D. SEARLE & COMPANY *et al.*, Defendants.)

First District (4th Division)    Nos. 79-419, 79-768 cons.

Opinion filed January 24, 1980.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, D. Kendall Griffith, and James R. Pancheri, of counsel), for appellant.

Eugene I. Pavalon and Cooney and Stenn, both of Chicago (Geoffrey L. Gifford, of counsel), for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendant, Parke, Davis & Company (Parke-Davis), appeals from an order of the circuit court of Cook County vacating its judgment in favor of Parke-Davis on the motion of the plaintiff, Nancy Drafz. The sole question presented for review is whether the trial court had jurisdiction to grant the plaintiff's second post-judgment motion filed within 30 days from the denial of her first post-judgment motion. The other defendants, G. D. Searle & Company and Robert Barrick, M.D., are not involved in this appeal.

In September 1976, the plaintiff filed a multicount complaint against the three defendants. Thereafter, the plaintiff filed an amended complaint, a second amended complaint, and a third amended complaint. Count II of each complaint alleges a products liability claim against Parke-Davis. The plaintiff was granted leave to file a final amendment and she did so.

On October 12, 1978, the trial court dismissed count II of the third amended complaint as amended and entered judgment in favor of Parke-Davis. The court made the order appealable pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1977, ch. 110A, par. 304). Within 30 days on November 13, 1978 (the 30th day was actually on a Saturday), the plaintiff filed her first post-judgment motion for a rehearing. That motion was denied on November 15, 1978. On December 11, 1978, the plaintiff filed her second post-judgment motion. She moved the court to vacate the original order of dismissal and the order denying her first post-judgment motion and made a formal request to amend. This motion was granted. The defendant's application for leave to appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) was allowed. The defendant contends that the trial court had no jurisdiction to vacate the order of dismissal on the plaintiff's second post-judgment motion filed more than 30 days after entry of the final order.

Section 50(5) of the Civil Practice Act provides:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1977, ch. 110, par. 50(5).

Section 68.3 of the Civil Practice Act provides in part:

"In all cases tried without a jury any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." Ill. Rev. Stat. 1977, ch. 110, par. 68.3.

■■ Illinois reviewing courts have long been unanimous in holding that trial courts have no authority to hear successive post-judgment motions, each filed within 30 days after denial of the previous one. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900; *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 268 N.E.2d 254; *In re Estate of Schwarz* (1965), 63 Ill. App. 2d 456, 212 N.E.2d 329.) These courts held that the language of sections 50(5) and 68.3 contemplates only one such motion. (*Underwood; Schwarz.*) The rationale underlying these decisions is that if such motions were allowed the judicial goals of finality and appellate review would be frustrated. (*Underwood; Schwarz.*) Under Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)) to perfect a timely appeal a party has 30 days from the entry of a final order in which to file a notice of appeal. As stated by the supreme court in *Deckard*:

"[To allow a second motion] would not only violate the spirit of our rule [303(a)], which contemplates the prompt and orderly prosecution of an appeal, but would render it a nullity. As occurred in this case, any party could defeat the rule and delay appeal merely by filing successive and repetitious motions to vacate." *Deckard*, 44 Ill. 2d 412, 418, 255 N.E.2d 900, 903.

The only case upholding the validity of a second post-judgment motion is *Bernitt v. Brown* (1973), 16 Ill. App. 3d 774, 306 N.E.2d 513. The *Bernitt* court stated that it was predisposed to agree with the proposition that a party is limited to one such motion. However, based upon language contained in *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873, the *Bernitt* court believed that the supreme court had clearly indicated its intention that successive post-judgment motions be permitted.

The *Fultz* case was not decided on the issue before this court or the *Bernitt* court. In *Fultz*, the supreme court affirmed the denial of a second motion to vacate which was filed more than 30 days after the order

denying the first motion to vacate. The statement in *Fultz* which was relied upon by the *Bernitt* court reads as follows:

> "After the order of April 24 denying the motion to vacate plaintiff had 30 days within which to file a notice of appeal (Rule 303(a)) *or to file a motion attacking the order of April 24* or to obtain an extension of time within which to do so (Section 68.3)." (Emphasis added.) *Fultz* 49 Ill. 2d 131, 135, 305 N.E.2d 873, 875-76.

■■ In light of the supreme court's holding on this issue in *Deckard* we do not believe that the statement in *Fultz* was meant to change the long standing rule that only one motion is permitted. Since *Bernitt* the two appellate court cases on this issue have followed the holding and rationale of *Deckard: Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 385 N.E.2d 95; *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039. We agree with the holdings and rationale of *Handing* and *Rose.* Notwithstanding the *Bernitt* interpretation of *Fultz,* the *Deckard* decision sets forth the law of this State. Accordingly, the circuit court was without jurisdiction to enter the order vacating the October 12 and November 15 orders and granting leave to amend.

The plaintiff contends that a party may make successive post-judgment motions if the subsequent motions are amendatory or supplementary to the prior unsuccessful motions and are not merely repetitious. She asserts that her first motion was denied because of the absence of a formal request to amend and that since her second motion included such a request the latter was amendatory and supplementary and not repetitious.

■■ ■ The *Deckard* court's statement that to allow "successive and repetitious" post-judgment motions would allow a party to circumvent Rule 303(a) does not, as the plaintiff asserts, support the conclusion that successive but nonrepetitious motions are therefore permissible. The court forestalled any such interpretation by stating:

> "The last motion * * * contained nothing that was not in the first motion *or could not have been included therein.* Neither motion purported to be under Section 72, nor did they contain the required allegations for relief under this section. They were merely attempts to have the trial court review its own orders after thirty days, which it cannot do." (Emphasis added.) (*Deckard,* 44 Ill. 2d 412, 418-19, 255 N.E.2d 900, 903-04.)

As in *Deckard,* the plaintiff's second post-judgment motion here contained nothing that could not have been included in the first motion. Under *Deckard* the rule remains that only if the second motion contains assertions that are so nonrepetitious as to reach the level of "new matter"

under section 72, and only if the other section 72 requirements are met does the trial court have jurisdiction to review its own final order after 30 days have passed. The plaintiff here neither complied with the requirements of section 72 nor proceeded thereunder.

Similarly, the plaintiff's assertion that to permit but one motion would work an injustice by leaving a party without remedy has no merit. Where a post-judgment motion is denied a party may appeal, or, if new matter arises and the party has exercised due diligence, a section 72 motion (Ill. Rev. Stat. 1977, ch. 110, par. 72) may be appropriate. *Deckard*; *Underwood.*

The plaintiff lastly asserts that in "extraordinary circumstances" it would serve the ends of justice for a trial court to have the discretion to hear successive post-judgment motions. She argues that the extraordinary circumstance here is that the judge hearing the first motion retired and that a second judge was sitting in his stead when the second motion was presented. The plaintiff cites no authority in support of this assertion and we do not believe that the circumstance presented alters the fact that the court had no jurisdiction under the Civil Practice Act to vacate its final order on a second post-judgment motion.

For the reasons set forth above the order of the circuit court is reversed.

Reversed.

LINN and ROMITI, JJ., concur.