HUMBOLDT-ARMITAGE CORPORATION *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS FAIR PLAN ASSOCIATION, Defendant-Appellee.

First District (3rd Division)   No. 79-1992

Opinion filed July 16, 1980.

Scott & Fulkerson and Sexner & Wolfe, Ltd., both of Chicago (Alan L. Fulkerson and Edward A. Scott, III, of counsel), for appellants.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (Gerald B. Mullin, Abraham W. Brussell, and Mary F. Stafford, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The trial court dismissed the complaint of plaintiffs, Humboldt-Armitage Corporation *et al.* against defendant, Illinois Fair Plan Association, for Humboldt's failure to answer interrogatories. The court also denied Humboldt's motion to vacate the order of dismissal and Humboldt's subsequent motion for reconsideration. (Other defendants had been named in the complaint but were dismissed in an unrelated order which is not involved in this appeal.)

Humboldt brought this action against defendant, alleging failure to pay a property damage claim pursuant to an insurance policy. The suit, seeking $132,500, charged that Humboldt's property had been vandalized but that defendant refused to pay under its policy. Defendant filed an answer to the complaint and, on September 1, 1978, served written interrogatories on Humboldt.

On April 23, 1979, in response to defendant's request for sanctions against Humboldt for its failure to answer interrogatories, the trial court ordered Humboldt to answer within 14 days. On June 25, 1979, defendant again sought sanctions for Humboldt's failure to answer the interrogatories. Defendant's motion recited that on December 19, 1978, and February 28, 1979, it had requested Humboldt to answer the interrogatories; and that, despite the court order of April 23, Humboldt had not answered the interrogatories, resulting in prejudice to defendant. Defendant requested dismissal of Humboldt's complaint and entry of judgment for itself. On June 25, 1979, defendant's motion was continued by agreement of the parties to July 9, 1979. On July 9, 1979, the trial court dismissed the complaint because of Humboldt's failure to answer the interrogatories.

On July 26, 1979, Humboldt presented an unverified motion to vacate the order of July 9, 1979. In support of the motion, Humboldt's counsel stated that on July 9 an ex parte order was entered dismissing the complaint, that a clerical error in his law office resulted in counsel's absence from court on July 9, and that Humboldt was diligently attempting to compile the information requested by defendant. The trial court denied Humboldt's motion to vacate the order of dismissal.

Thereafter, on August 6, 1979, without leave of court, Humboldt filed the answers to the interrogatories with the clerk of the court. The answers were signed by Harold Rider, an officer of Humboldt; his

signature was notarized on July 6, 1979. On August 8, 1979, Humboldt filed another unverified motion asking the court to reconsider its rulings and requesting that it be allowed to file the answer to the interrogatories instanter. Humboldt's counsel stated that on April 23, 1979, he had informed defendant's counsel that a copy of a sworn statement made by Harold Rider was required to answer the interrogatories properly, and that defendant's counsel promised to provide a copy of the statement. The motion further recited that on May 25 defense counsel informed Humboldt's attorney that a copy of Rider's statement had not been ordered, but that Humboldt's attorney was given the name of the reporting service. The reporting service promised to furnish a copy of the statement, and the parties agreed to continue the motion for sanctions until July 9. Prior to July 9, the reporting service advised Humboldt's counsel that the statement would not be furnished until an old reporting bill was paid. The bill was paid, but the reporting service did not provide Humboldt's counsel with the statement until July 29, 1979. The motion stated that thereafter, Humboldt's counsel prepared the answer to the interrogatories. Defendant did not file a responsive pleading. The trial court denied Humboldt's motion to reconsider its earlier rulings.

■■ Without discussion, we hold that the trial court acted well within its discretion in dismissing the complaint on July 9, 1979, for Humboldt's failure to answer interrogatories. (Supreme Court Rule 219(c), Ill. Rev. Stat. 1979, ch. 110A, par. 219.) On July 9, Humboldt had not answered the interrogatories and was not present in court to explain its failure to do so. The order of July 9 dismissing the complaint was proper.

We find, however, that the trial court erred in denying Humboldt's timely motion for reconsideration of the order of dismissal. In our view, the trial court was justified in imposing sanctions against Humboldt, but the sanction of dismissal of the complaint was too severe.

■■ The imposition of sanctions for noncompliance with discovery rules and orders rests largely within the discretion of the trial court and will not be disturbed on review unless there is an abuse of that discretion. (*In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.) While courts are reluctant to impose the sanction of dismissal for noncompliance with discovery rules and orders, such drastic action is not an abuse of discretion where the offending party shows a deliberate, contumacious, or unwarranted disregard for the court's authority. (*Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529.) The offending party has the burden of establishing by affidavit or otherwise that its failure to comply with rules or court orders was warranted by extenuating circumstances. (*Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 323 N.E.2d 435.) Sanctions, however, should be imposed to promote discovery, not to punish the noncomplying party. (See *People ex rel. General Motors Corp. v. Bua*

(1967), 37 Ill. 2d 180, 226 N.E.2d 6.) Thus the entry of a default or dismissal under Rule 219(c) should be employed as a last resort in order to enforce the rules of discovery, and should be set aside when a trial on the merits may be had without hardship or prejudice. *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27; see *Gray v. Yellow Cab Co.* (1971), 1 Ill. App. 3d 984, 273 N.E.2d 703.

The record demonstrates that Humboldt was dilatory in complying with the discovery request as well as careless in its failure to keep the trial court advised as to why it had not complied. The record does not, however, disclose a deliberate, contumacious or unwarranted disregard for the court's authority justifying a dismissal of the complaint. In the motion for reconsideration, Humboldt's attorney stated that on April 23 he had informed defendant he needed a copy of Rider's sworn statement. On May 25, Humboldt's attorney was informed that defendant did not have a copy of the statement. Humboldt's attorney thereupon ordered a copy of the statement and, apparently in some recognition of Humboldt's need, defendant agreed to continue its motion for sanctions until July 9. When Humboldt did not appear, the complaint was dismissed. Within 30 days, Humboldt filed the answers to the interrogatories and sought to vacate the dismissal. In view of all the circumstances, we believe the order of dismissal should have been vacated. Dismissal of a complaint for failure to comply with discovery is drastic and should be employed only as a last resort. *Schwartz v. Moats* (1971), 3 Ill. App. 3d 596, 277 N.E.2d 529.

Defendant argues, however, that the answers to the interrogatories on their face were notarized on July 6. Defendant urges that this fact demonstrates Humboldt's explanation to the trial court for not answering the interrogatories sooner was untrue and thereby reveals Humboldt's disregard for the court's authority. Humboldt insists that the notarization date was an innocent mistake made by the notary and maintains that the mistake was never noticed nor urged in the trial court. Defendant correctly points out, however, that since Humboldt has not furnished us with a report of proceedings of the trial court hearing on August 8, the notarization must be accepted as it appears. Even accepting the fact that Rider signed the answers on July 6, a contumacious and deliberate disregard of the court's authority is not demonstrated. The answers to the interrogatories were not crucial to the litigation, and it is clear that if Humboldt had the answers to the interrogatories in its possession on July 6, its counsel's failure to file them could be only inadvertent or inept rather than an attempt to conceal facts or flout the court's authority.

Defendant places strong stress on a decision of this court, *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264, in arguing that Humboldt's dilatory conduct

exhibited a deliberate and contumacious disregard of the court's authority, warranting the dismissal of the complaint. We believe that case to be inapplicable to the circumstances before us. In that case, plaintiff not only deliberately did not answer interrogatories, but it failed to proceed diligently with any part of the lawsuit despite admonitions by the trial court.

Citing a decision of this court, *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 400 N.E.2d 515, defendant also contends that Humboldt's motion to reconsider, filed and disposed of within 30 days of the order of dismissal, was improper because the trial court already had denied its motion to vacate the order of dismissal. In *Drafz*, this court held that a trial court does not have jurisdiction to vacate an order of dismissal on motion filed more than 30 days after the entry of dismissal. The court did not find that the trial court could not hear a second post-judgment motion filed and heard within 30 days from the entry of the final order.

In sum, we do not believe the circumstances warranted the drastic action of dismissal of the complaint. The trial court abused its discretion in imposing such a sanction.

Supreme Court Rule 219(c) authorizes that in lieu of or in addition to the various sanctions, the court may order the offending party or his attorney to pay reasonable expenses incurred by any party as a result of the misconduct. We direct the trial court to conduct a hearing in order to determine whether it should impose reasonable costs and fees. If the court so determines, the allowance should be restricted to expenses incurred in the trial court in securing the answers and such allowance should be compensatory, not punitive.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.