CHARLES JOHN SLAVICK, Plaintiff-Appellant, v. MICHAEL REESE HOSPITAL AND MEDICAL CENTER, Defendant-Appellee.

First District (4th Division)    No. 79-1338

Opinion filed November 6, 1980.—Modified on denial of rehearing February 5, 1981.

162

Phebus, Tummelson, Bryan & Knox, of Urbana, and Thomas J. Healey and Patrick F. Healy, Jr., both of Chicago (Joseph W. Phebus, Betsy Pendleton Wong, and Janet Flaccus, of counsel), for appellant.

McKenna, Storer, Rowe, White & Farrug, of Chicago (John F. White, Robert S. Soderstrom, and James P. DeNardo, of counsel), for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Plaintiff, Charles John Slavick, brought this appeal from an order entered in the circuit court of Cook County allegedly denying his motion to vacate a prior order which had dismissed with prejudice his five-count medical malpractice complaint. Defendant, Michael Reese Hospital, filed with this court a motion to dismiss the appeal for lack of jurisdiction

because plaintiff had failed to file a timely notice of appeal. We grant this motion and dismiss the appeal.

On October 25, 1978, plaintiff's complaint was dismissed pursuant to defendant's motion to dismiss which alleged that three of the counts in the complaint failed to state a cause of action and all of the counts were barred by the applicable statute of limitations. The order of dismissal reads as follows:

"That plaintiff's complaint be and is dismissed with prejudice;

Further, that the defendant shall provide the plaintiff an affidavit signed and verified by such representative of defendant who has made a search of defendant's records for those documents previously sought by plaintiff, such affidavit to reflect the result of defendant's record search."

The second part of this order resulted from plaintiff's discovery request to produce certain documents, which request was filed before the order of dismissal. It appears that plaintiff had brought a previous and similar action which had been dismissed for want of prosecution. In that action, plaintiff had been provided by defendant with many of the documents he was requesting in the present action. Prior to the October 25, 1978, order, defendant sent plaintiff a letter telling him that defendant had previously produced many of the documents requested and could not find any of the remaining documents. The trial court, in the October 25, 1978, order, simply ordered the defendant to deliver an affidavit to plaintiff to verify that a search of defendant's records had been made and all documents in defendant's possession had already been produced.

On November 8, 1978, within 30 days of the order of dismissal, plaintiff filed a motion to vacate the order. This was a general motion and did not state the reasons warranting the vacating of the order of dismissal.

On March 15, 1979, plaintiff filed a motion asking the court to order the defendant to produce the affidavit defendant had been ordered to produce in the October 25, 1978, order. This motion was heard before a different judge than the one who had dismissed the complaint. The motion was heard on the same day it was filed. The motion was denied because the court found that the October 25, 1978, order was a final and appealable order, and since more than 30 days had passed since that order, the trial court held that it no longer had jurisdiction to consider such a motion. Apparently, the motion judge sitting on March 15, 1979, had no knowledge of plaintiff's November 8, 1978, motion to vacate the order of dismissal.

On April 12, 1979, plaintiff called up his November 8, 1978, motion for a hearing. On that day his motion to vacate was denied because he had failed to call it up for a hearing within 90 days as required by circuit court rule.

Shortly after this order, defendant delivered to plaintiff the required affidavit, and then on May 10, 1979, 28 days after his first motion to vacate had been denied, plaintiff filed a second motion to vacate the October 25, 1978, order of dismissal. In this motion plaintiff alleged, basically, that the complaint should not have been dismissed because plaintiff believed the complaint stated a cause of action and was not barred by the applicable statute of limitations. As alternative relief to vacating the October 25, 1978, order, plaintiff moved the court to declare that order to be final and appealable in light of defendant's having delivered the required affidavit.

On May 25, 1979, the trial court entered an order which merely granted plaintiff's motion to declare the October 25, 1978, order to be final and appealable. This order said nothing about plaintiff's second motion to vacate the October 25, 1978, order.

On June 22, 1979, plaintiff filed a notice of appeal from the May 25, 1979, order, which, according to plaintiff's notice of appeal, had denied his motion to vacate the October 25, 1978, order. Shortly thereafter, defendant filed his motion to dismiss this appeal.

OPINION

Defendant contends that the October 25, 1978, dismissal order was a final and appealable order. Defendant argues that plaintiff had two choices after the entry of this order. He could either file a notice of appeal within 30 days or a motion to vacate within 30 days. Plaintiff did in fact file a motion to vacate. This motion was denied on April 12, 1979.

Defendant next argues that following the April 12, 1979, order, plaintiff had one choice—to file his notice of appeal within 30 days. Defendant contends that plaintiff could not delay this requirement by filing a second motion to vacate within 30 days after the April 12, 1979, order. Defendant concludes that because plaintiff failed to file a notice of appeal by May 12, 1979, this court is without jurisdiction to hear this appeal.

We agree with defendant's contention that the October 25, 1978, dismissal order was final and appealable. We also agree that, in the circumstances of this case, plaintiff's failure to file a notice of appeal within 30 days after the April 12, 1979, order precludes us from having jurisdiction to hear this appeal.

■■■ The timely filing of a notice of appeal is jurisdictional. (Ill. Rev. Stat. 1979, ch. 110A, par. 301.) Failure to file a timely notice of appeal requires an appellate court to dismiss the appeal for lack of jurisdiction. Under Supreme Court Rule 303 (Ill. Rev. Stat. 1979, ch. 110A, par. 303), a notice of appeal must be filed within 30 days after the entry of a final judgment or within 30 days after the entry of an order disposing of a

timely filed post-trial motion. For the purposes of this rule, an order dismissing a plaintiff's entire complaint with prejudice is considered to be a final judgment. See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873; *Pick v. Pick* (1978), 58 Ill. App. 3d 357, 374 N.E.2d 698.

■■ Within 30 days after the entry of a final judgment, a party is entitled to file one post-judgment motion attacking the validity of that judgment, and this motion stays the necessity for having to file a notice of appeal until 30 days after the trial court disposes of the motion. However, once the motion is disposed of, a party may not delay the necessity of filing a notice of appeal by filing a second post-judgment motion attacking the validity of the judgment unless such motion conforms to the requirements of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) and presents new matter that would render the judgment improper and such new matter could not have been included as a basis for the first post-judgment motion. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232; *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 400 N.E.2d 515; *Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 385 N.E.2d 95.) If the rule were otherwise, a party could delay his taking of an appeal indefinitely by filing successive and repetitive motions.

Assuming for the moment that the October 25, 1978, order was final and appealable, then plaintiff had to file his notice of appeal within 30 days after April 12, 1979, when the trial court denied his first motion to vacate that order, unless plaintiff's second motion to vacate presented new matter that would have rendered the October 25, 1978, dismissal order improper, and such new matter could not have been included in his first motion. Plaintiff's second motion merely alleged that his complaint stated a cause of action and should not have been dismissed because it was barred by the statute of limitations. This obviously could have been alleged in his first motion to vacate. The fact that plaintiff was unable to argue the merits of his first motion to vacate, since his first motion was denied because of his failure to comply with the circuit court rule requiring him to call up for a hearing on that motion within 90 days after he filed it, is irrelevant. Therefore, if the October 25, 1978, order was final and appealable, plaintiff's notice of appeal had to be filed within 30 days after his first motion to vacate was denied, and his failure to do so would require us to dismiss this appeal.

Plaintiff contends the October 25, 1978, dismissal order was not a final order. Plaintiff contends the order was conditional on defendant's providing the plaintiff with the affidavit verifying defendant had searched his records and had produced all of the requested documents that defendant had in its possession.

■■ As we have already said, an order dismissing the entire complaint with prejudice is a final and appealable order under Supreme Court Rule 303(a). A final and appealable order is not rendered interlocutory merely because a trial court reserves in that order power over incidental matters not affecting the ultimate rights that have been determined by that order. *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232; *Roddy v. Armitage-Hamlin Corp.* (1948), 401 Ill. 605, 83 N.E.2d 308; *Groves v. Farmers State Bank* (1937), 368 Ill. 35, 12 N.E.2d 618; *Eich v. Czervonko* (1928), 330 Ill. 455, 161 N.E. 864; *Pinelli v. Alpine Development Corp.* (1979), 70 Ill. App. 3d 980, 388 N.E.2d 943.

■■ The required affidavit in this case was merely an incidental matter. Defendant, before the dismissal order, had told plaintiff that he had produced everything he could produce. The affidavit was merely required to verify this fact. The supplying of the affidavit could not possibly have changed the order of dismissal or have provided a basis for attacking that order. Hence, the affidavit was merely an incidental matter and did not render the order of dismissal interlocutory and that order remained a final and appealable order.

We concede that plaintiff may have had a reasonable excuse for not filing a timely notice of appeal since in good faith he could have believed the dismissal order was not final because of the affidavit requirement. However, in the March 15, 1979, order that denied plaintiff's motion to order defendant to produce the affidavit, the trial court held that it had no jurisdiction to consider this motion ostensibly because the October 25, 1978, order was final and appealable and more than 30 days had passed since the entry of that order. Plaintiff's first motion to vacate was not denied until after this order had been entered. Hence, after March 15, 1979, plaintiff was in no position to assert that the dismissal order was not final.

■■ Under our law, a trial court relinquishes jurisdiction over a matter once 30 days have passed following the entry of a final and appealable order concerning that matter if during that time neither party has taken any legally proper action which delays the 30-day period. However, it has been held that a trial court may reacquire jurisdiction and the prior order may be rendered a nullity if the party in whose favor the order was entered voluntarily appears after the 30-day period and participates in proceedings inconsistent with the prior order by addressing the merits of the cause without objecting to the trial court's jurisdiction. *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Johnson v. Empire Mutual Insurance Co.* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042.

Plaintiff contends that defendant voluntarily appeared to argue plaintiff's second motion to vacate and addressed the merits of that

motion without objecting to the trial court's jurisdiction. Thus, argues plaintiff, the trial court was revested with jurisdiction over the matter and the prior order of dismissal became a nullity. Plaintiff concludes that on May 25, 1979, the trial court denied his second motion to vacate, and since a timely notice of appeal was filed from this order, we can consider the merits of plaintiff's claim.

We believe that plaintiff has failed to show this court, by means of the record, that what he asserts occurred actually occurred. First, there is no record of proceedings before us concerning plaintiff's second motion to vacate. The record contains only the motion and the order. From these, we cannot determine whether defendant did or did not challenge the trial court's jurisdiction. Second, the trial court's order of May 25, 1979, says nothing about plaintiff's motion to vacate. The order merely granted plaintiff's request to declare the October 25, 1978, order to be final and appealable. This was merely a reiteration of a fact which was already true. From this order, we cannot tell whether the merits of plaintiff's motion were addressed by anyone.

Therefore, since plaintiff is unable to show that defendant voluntarily appeared and addressed the merits of plaintiff's second motion to vacate without objecting to the trial court's jurisdiction, we must hold that plaintiff's contention is without merit.

Accordingly, for the reasons noted, we dismiss the appeal because this court has no jurisdiction to consider it.

Appeal dismissed.

JOHNSON and JIGANTI, JJ., concur.