JOHN CRONIN, JR., *et al.*, Plaintiffs-Appellants, *v.* ELIZABETH ALTMAN, Defendant-Appellee.

First District (2nd Division)    No. 80-1840

Opinion filed October 27, 1981.

Arnold E. Landsman, Ltd., of Chicago, for appellants.

Law Offices of Thomas P. McLaughlin, of Schaumburg (W. David Utley, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiffs John Cronin, Jr., Richard Fontana, and Donald DiPasquale (plaintiffs) appeal from trial court orders which dismissed their personal injury action against Elizabeth Altman (defendant) for failure to comply with discovery, and which denied their two motions to vacate such order of dismissal. Plaintiffs contend that the trial court erred in dismissing their cause of action for failure to timely answer interrogatories propounded by defendant, and also erred in failing to vacate this dismissal order. Defendant raises the issue of whether this court has jurisdiction to hear the case in light of the timing of plaintiffs' notice of appeal.

Plaintiffs' complaint alleges that they were involved in a car accident with defendant on January 30, 1977. Plaintiffs each allegedly sustained injuries which caused them financial losses. As a result of this occurrence, plaintiffs filed the instant action against defendant on September 26, 1977.

On November 9, 1977, defendant served interrogatories on each plaintiff, directed to their attorney, pursuant to Supreme Court Rule 213 (73 Ill. 2d R. 213). Subsequently, defendant allegedly sought answers from plaintiffs to these interrogatories by means of letters requesting such, although these letters do not appear in the record. In any event, defendant received no answers to the interrogatories, and therefore filed a motion to strike and dismiss plaintiffs' complaint for failure to comply with discovery, pursuant to Rule 219(c)(v, vi) (73 Ill. 2d R. 219(c)(v, vi)).

The trial court granted the motion on January 23, 1980, dismissing plaintiffs' complaint with prejudice and further finding that there was no reason to delay enforcement of the order.

On February 4, 1980, plaintiffs filed a motion to vacate the trial court order which dismissed their complaint, stating that their attorney entered the matter in his calendar on the wrong date, thus missing the hearing on the motion to dismiss, and that they had a meritorious cause of action. Although the record is bereft of a dispositional order on this motion or of a transcript of the proceedings thereupon, plaintiffs inform us in their brief that "Judge Paul Elward denied this motion" for stated reasons. Plaintiffs then proceeded, on February 22, 1980, to file a second motion to vacate the dismissal order of January 23, 1980, stating that plaintiffs' counsel had been unable to locate two of the plaintiffs so as to prepare answers to the interrogatories, that the answers were then available, and repeating that the plaintiffs had a meritorious cause of action. The trial court denied this motion on May 23, 1980. Plaintiffs filed a notice of appeal on June 23, 1980.

Defendant contends that plaintiffs' failure to file their notice of appeal within 30 days of the trial court's denial of their first motion to vacate the court's dismissal order precludes this court from having jurisdiction to entertain plaintiffs' appeal.

■■ The filing of a timely notice of appeal is jurisdictional. Failure of an appellant to so act requires that this court dismiss the appeal for lack of jurisdiction. Under Supreme Court Rule 303 (73 Ill. 2d R. 303), a notice of appeal must be filed, *inter alia*, within 30 days after entry of an order disposing of a post-trial motion. (*Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 164-65, 415 N.E.2d 1060.) The relevant statute envisions the filing of only a single post-trial motion. (See Ill. Rev. Stat. 1979, ch. 110, par. 68.3; *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 542, 400 N.E.2d 515, *affirmed in Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 607, 375 N.E.2d 1039.) A potential appellant may not indefinitely delay the deadline for filing his notice of appeal by filing numerous post-trial motions. (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418-19, 255 N.E.2d 900, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) Unless the second motion filed after the denial of the initial post-trial motion conforms to the requirements of section 72 (Ill. Rev. Stat. 1979, ch. 110, par. 72) *and* presents new matters that render the judgment improper (which matters could not have been included in the initial motion), the second motion is a nullity and has no effect on the notice of appeal deadline. See *Slavick*, 92 Ill. App. 3d 161, 165; *Drafz*, 80 Ill. App. 3d 540, 543-44.

■■ Examination of the procedural history of this case indicates that plaintiffs filed the one post-trial motion to which they were entitled on

February 4, 1980.[1] That motion was denied on the same day. Therefore, under the rules, plaintiffs had 30 days following February 4, 1980, to file their notice of appeal. They failed to do so, instead filing a second motion to vacate on February 22, 1980. Despite plaintiffs' assertions to the contrary, to be adequate to alter the date for filing of the notice of appeal, this second motion must have conformed to the requirements of section 72 *and* presented matters which could not have been presented in the February 4, 1980, motion.[2] It did neither. Therefore, the second motion was a nullity. Since plaintiffs' notice of appeal was not timely filed, this court must dismiss the appeal for lack of jurisdiction. Consequently, we are unable to address the merits of plaintiffs' appeal.

Appeal dismissed.

HARTMAN, P. J., and PERLIN, J., concur.

---

[1] Plaintiffs assert that their initial motion to vacate was not directed against the trial court's dismissal order and thus should not be considered as their single allowed post-judgment motion. This argument patently lacks both merit and reason.

[2] We are aware that the decision in *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1st Dist., 3d Div., 1980), 86 Ill. App. 3d 888, 408 N.E.2d 307, is not reconcilable with this holding. However, we believe the precedent we have relied upon here supports our conclusion.