BENET REALTY CORPORATION, INC., *et al.*, Plaintiffs-Appellees and Cross-Appellants, v. LISLE SAVINGS AND LOAN ASSOCIATION, Defendant-Appellant and Cross-Appellee.

Second District No. 2—87—1175

Opinion filed September 15, 1988.—Rehearing denied November 3, 1988.

David O. Toolan, of Altheimer & Gray, of Chicago, and Joseph E. Duffy, of Schenk, Duffy, McNamara, Phelan, Carey & Ford, of Joliet, for appellant.

Keith E. Roberts, Sr., Robert R. Verchota, and Rodney W. Equi, all of Donovan & Roberts, P.C., of Wheaton, for appellees.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

On September 25, 1987, after a bench trial, the circuit court of Du Page County entered judgment on both plaintiffs' and defendant's claims which arose out of the disputed performance of a construction loan agreement. On October 19, 1987, defendant, Lisle Savings and Loan Association, presented a post-judgment motion which was denied by the trial court on the same day. On October 22, 1987, defendant filed another post-judgment motion which was denied on November 9, 1987. Defendant filed its notice of appeal on December 8, 1987, and plaintiffs filed their notice of cross-appeal on December 18, 1987.

Before we address the merits of the appeal and cross-appeal, we must first address the question of whether we have jurisdiction to hear the appeals. (107 Ill. 2d R. 303; *Cronin v. Altman* (1981), 101 Ill. App. 3d 432, 428 N.E.2d 586 (filing of timely notice of appeal is jurisdictional and appellant's failure to timely file requires dismissal of appeal for lack of jurisdiction); *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 470 N.E.2d 290 (appellate court has a *duty* to consider its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting).) Plaintiffs have filed a motion in this court arguing that defendant's notice of appeal is untimely and must be dismissed. Plaintiffs' motion presents the following issue: Where a post-judgment motion attacking the final judgment of the trial court is

heard and denied within 30 days of the trial court's final judgment, does a second post-judgment motion, attacking the final judgment, *filed within 30 days of the trial court's final judgment, but after denial of the first post-judgment motion*, toll the time requirements for filing a notice of appeal?

■■■ It is well established that a post-judgment motion under section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) is a post-trial motion "directed against the judgment" and that such a motion if timely filed will toll the time for filing a notice of appeal pursuant to Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)). (See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 135, 305 N.E.2d 873, 876.) Further, it also is well established that the filing of a "successive" post-trial motion (motion which merely repeats what was set forth or could have been set forth in the preceding motion) under section 2—1203, filed within 30 days of the denial of the previous motion, does not extend the time in which to file a notice of appeal under Rule 303 (107 Ill. 2d R. 303). (*Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900 (reaffirmed in *Sears*).) Under such circumstances, a party wishing to appeal the trial court's final judgment must file a notice of appeal within 30 days of the denial of the first post-trial motion attacking the judgment. (107 Ill. 2d R. 303; *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610.) However, a close reading of the court's decision in *Sears* clearly shows that the court did not specifically address the situation presented in the instant case. In *Sears*, as in all but one of the cases which have applied the rule announced in *Sears*, the second post-trial motion attacking the final judgment was filed within 30 days of the denial of the prior post-trial motion but more than 30 days after entry of the final judgment being attacked by the post-trial motion. Under that fact situation the court in *Sears* stated:

> "A second post-judgment motion (*at least if filed more than 30 days after judgment*) is not authorized by either the Civil Practice Act or the rules of this court and must be denied." (Emphasis added.) (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N. E. 2d 610, 612.)

The court in *Sears* reaffirmed its prior holding in *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, that such a motion was not "timely" as that word is used in Rule 303(a) (107 Ill. 2d R. 303(a)) and, therefore, did not extend the time for appeal. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N.E.2d 610, 612.) The court's statement in *Sears*, tending to limit its holding to a second post-trial mo-

tion filed after 30 days from the final judgment, must have been made in reference to the 30-day time limit on motions after judgments in nonjury cases. (See Ill. Rev. Stat. 1987, ch. 110, par. 2—1203 (formerly Ill. Rev. Stat. 1979, ch. 110, par. 68.3).) Section 2—1203 of the Code of Civil Procedure provides in relevant part:

> "(a) In all cases tried without a jury, any party may, *within 30 days after the entry of the judgment* or within any further time the court may allow within the 30 days or any extensions thereof, *file a motion* for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203.)

The instant case presents the question of whether a second section 2—1203 motion filed within 30 days of the final judgment is "timely" as that word is used in Supreme Court Rule 303(a). To answer this question, we must look to the rationale of the court's decision in *Sears*.

The *Sears* court based its holding on the interests of finality of litigation at the trial court level and certainty and ease of administration in determining when the time for appeal begins to run. (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N.E.2d 610, 613.) The court in *Sears* stated:

> "There is no provision in the Civil Practice Act or the supreme court rules which permits a losing litigant to return to the trial court indefinitely, hoping for a change of heart or a more sympathetic judge. Permitting successive post-judgment motions would tend to prolong the life of a lawsuit—at a time when the efficient administration of justice demands a reduction in the number of cases pending in trial courts—and would lend itself to harassment. There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up. Successive post-judgment motions interfere with that policy. And justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing next month." (*Sears v. Sears* (1981), 85 Ill. 2d 253, 259, 422 N.E.2d 610, 612-13.)

We believe that the rationale of *Sears* would be served by applying the rule in *Sears* to the facts of the instant case. Therefore, we hold that the filing of a second post-judgment motion, attacking the final judgment, filed after denial of the first post-judgment motion but within 30 days of the final judgment, which only repeats arguments

or raises arguments that could have been raised in the first motion, is not a "timely" post-trial motion as that word is used in Rule 303(a). The second post-judgment motion by the same party cannot serve to extend the time for filing a notice of appeal.

We have found one case which has applied the holding in *Sears* with facts similar to those of the instant case. (See *Cronin v. Altman* (1981), 101 Ill. App. 3d 432, 428 N.E.2d 586.) In *Cronin*, the trial court on January 23, 1980, dismissed the plaintiffs' complaint with prejudice pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)) for failure to answer interrogatories and entered a finding of no just reason to delay enforcement or appeal. On February 4, 1980, plaintiffs filed a motion to vacate the dismissal stating that their attorney entered the wrong date on his calendar and missed the hearing and, further, that they had a meritorious cause of action. This motion was denied, and on February 22, 1980, the plaintiffs filed a second motion to vacate their dismissal stating that they were unable to locate two of their witnesses so as to prepare answers to the interrogatories and that plaintiffs had a meritorious cause of action. This second motion to vacate *was filed within 30 days of the judgment* dismissing the complaint with prejudice *but after denial of plaintiffs' first motion to vacate*. The court in *Cronin* held that section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) "envisions the filing of only a single post-trial motion," and that "[u]nless the second motion filed after the denial of the initial motion conforms to the requirements of section 72 [now Ill. Rev. Stat. 1987, ch. 110, par. 2—1401] *and* presents new matters that render the judgment improper (which matters could not have been included in the initial motion), the second motion is a nullity and has no effect on the notice of appeal deadline." (Emphasis in original.) (*Cronin v. Altman* (1981), 101 Ill. App. 3d 432, 434, 428 N.E.2d 586, 588.) The court in *Cronin* dismissed the appeal for lack of jurisdiction since plaintiffs failed to appeal within 30 days of the trial court's denial of their first motion to vacate. *Cronin v. Altman* (1981), 101 Ill. App. 3d 432, 428 N.E.2d 586. But see *Humboldt-Armitage Corp. v. Illinois Fair Plan Association* (1980), 86 Ill. App. 3d 888, 408 N.E.2d 307 (decided before the Illinois Supreme Court's holding in *Sears*).

■ We are not persuaded by defendant's arguments that we should hold to the contrary. First, defendant contends that only one section 2—1203 motion which attacked the judgment was filed, and, therefore, we need not address the issue previously discussed. The record does not support this argument. Plaintiff sued for breach of a construction loan agreement in which defendant agreed to loan

$300,000 to plaintiff, and plaintiff agreed to repay the loan with interest. Further, defendant secured this loan with a mortgage note on the project being built. The mortgage note provided that in the situation where defendant incurred attorney fees to enforce the note, plaintiff would pay such fees. Defendant filed a counterclaim against plaintiff alleging plaintiff breached the agreement. Part of defendant's counterclaim included the mortgage note, and defendant sought attorney fees under the note. The trial court's judgment of September 25, 1987, found defendant had breached the agreement and in disposing of all the claims, the trial court denied defendant recovery for attorney fees under the mortgage note as sought in defendant's counterclaim. The judgment was final, and defendant does not contend otherwise. Defendant's October 9, 1987, motion sought a hearing to prove up its attorney fees *and a modification* of the September 25, 1987, judgment to grant defendant attorney fees based on the provisions contained in the mortgage note. This motion directly attacked the trial court's final judgment and is properly characterized as a section 2—1203 post-trial motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203), which tolls the time for filing a notice of appeal under Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)). The trial court on October 19, 1987, admitted the proof of attorney fees and denied defendant's request to modify it's final judgment which had denied defendant's claim for attorney fees. Contrary to defendant's characterization of the record, defendant did file two section 2—1203 motions attacking the final judgment of the trial court.

◼ Second, defendant argues that, even if it filed two such motions, the second motion was proper under section 2—1203, and, therefore, this motion was "timely" and tolled the time for filing a notice of appeal until 30 days after denial of this timely filed post-trial motion. (107 Ill. 2d R. 303(a).) Supreme Court Rule 303(a) provides in relevant part:

> "(1) Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, *or, if a timely post-trial motion directed against the judgment is filed,* whether in a jury or a nonjury case, *within 30 days after the entry of the order disposing of the last pending post-trial motion.*" (Emphasis added.) (107 Ill. 2d R. 303(a).)

Defendant's second motion raised numerous contentions of trial court error including failure to award attorney fees as previously raised in its first motion. This second motion was filed on October 22, 1987, after the October 19, 1987, denial of defendant's first motion, and the

second motion raised no new issues which could not have been raised in its first motion. Defendant's argument hinges on whether section 2—1203 allows the filing of more than one such motion where the second (successive) motion is filed after denial of the first motion and where the second motion does not raise any issues which could not have been raised in the first motion.

A plain reading of section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) would indicate that the language "may *** file a motion" means a party may file a single motion requesting one or more of the types of relief listed in the section. (See *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 607, 375 N.E.2d 1039, 1041 (interpreting section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 68.3) (now Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) as contemplating a single post-trial motion in nonjury cases).) Several cases have statements in them that a party is entitled to only one post-trial motion attacking the final judgment in a nonjury case, but these cases dealt with situations in which the second post-trial motion was filed more than 30 days after entry of the final judgment. (*Slavick v. Michael Reese Hospital & Medical Center* (1980), 92 Ill. App. 3d 161, 415 N.E.2d 1060 (*dictum*); *Drafz v. Parke, Davis & Co.* (1980), 80 Ill. App. 3d 540, 400 N.E.2d 515, *aff'd sub nom. Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610; *In re Marriage of Viehman* (1980), 91 Ill. App. 3d 315, 414 N.E.2d 853 (relying on *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900); *Sizer v. Lotus Grain & Coal Co.* (1979), 70 Ill. App. 3d 739, 388 N.E.2d 1274 (section 68.3 of Civil Practice Act (now found at Ill. Rev. Stat. 1987, ch. 110, par. 2—1203) does not give the trial court authority to grant party more than one opportunity to file post-trial motion); *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 375 N.E.2d 1039.) We find that the authority cited above supports the conclusion that a party is entitled to only one post-trial motion attacking the final judgment in a nonjury case and that once the motion has been denied, the party has no other recourse but to accept the trial court's judgment or file a notice of appeal within 30 days of the denial. *Cronin v. Altman* (1981), 101 Ill. App. 3d 432, 428 N.E.2d 586 (party may still file a motion attacking judgment if it conforms to requirements of section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). But see *In re Marriage of Viehman* (1980), 91 Ill. App. 3d 315, 414 N.E.2d 853 (if trial court modifies final judgment in response to timely filed post-trial motion, party wishing to attack judgment as modified may file another post-trial motion which tolls the time for filing notice of ap-

peal because party could not have raised issues of second post-trial motion in its first post-trial motion prior to the modification of the final judgment).

■ In light of our holding, it is clear that neither plaintiffs nor defendant filed a notice of appeal within the time requirements of Supreme Court Rule 303. *Defendant's* first post-trial motion was a timely filed motion attacking the final judgment of the trial court. This motion was denied on October 19, 1987. At this point in the case there was no other timely filed post-trial motion attacking the final judgment pending before the trial court. However, there was still time remaining in which *plaintiffs* could have filed a post-trial motion attacking the final judgment because 30 days had not yet passed from the September 25, 1987, final judgment. Had plaintiffs filed a timely post-trial motion, attacking the final judgment, the running of the time to file a notice of appeal by either party would have been tolled. (*In re Marriage of Uphoff* (1983), 99 Ill. 2d 90, 457 N.E.2d 426.) Absent such a motion here, the time for filing a notice of appeal continued to run from the October 19, 1987, denial of defendant's post-trial motion, and such period ended on November 18, 1987. Hence, defendant's notice of appeal filed December 8, 1987, was not timely. (107 Ill. 2d R. 303(a).) Additionally, plaintiffs' notice of cross-appeal is not timely. Plaintiffs failed to file their notice of cross-appeal within 10 days of a timely filed notice of appeal or within 30 days of the denial of the first and only timely filed post-trial motion of defendant. 107 Ill. 2d R. 303(a)(3)).

Plaintiffs' motion to dismiss defendant's appeal for failure to file a timely notice of appeal pursuant to Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)) is granted.

Plaintiffs' cross-appeal is dismissed *sua sponte* for failure to file a timely notice of cross-appeal pursuant to Supreme Court Rule 303(a)(3) (107 Ill. 2d R. 303(a)(3)).

Appeal and cross-appeal dismissed.

WOODWARD and UNVERZAGT, JJ., concur.