WILLIAM W. JOHNSON *et al.*, Plaintiffs-Appellants, v. RICHARD A. FIELD *et al.*, Defendants-Appellees.

Second District   No. 2—88—0781

Opinion filed March 27, 1989.—Rehearing denied May 3, 1989.

Burl F. Nader, of Libertyville, for appellants.

Donald W. Kahn, of Law Offices of Kahn & Lapidos, of Libertyville, for appellees.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiffs, William W. and Wenche W. Johnson, appeal from the judgment of the circuit court of Lake County entered after a bench trial granting the post-trial motion of defendants, Richard A. and Judith W. Field, to vacate judgment for plaintiffs and entering judgment for defendants. The issue at trial was whether defendants breached an agreement to purchase plaintiffs' home and thereby forfeited their earnest money under the real estate contract. However, we decline to address the merits of the parties' contentions on appeal because of a lack of appellate jurisdiction.

Plaintiffs filed their complaint on October 24, 1986. Defendants filed their amended answer, affirmative defense and counterclaim on March 23, 1987. On April 6, 1987, plaintiffs filed a motion to strike defendants' amended answer, affirmative defense and counterclaim. In addition, plaintiffs, in the same April 6, 1987, motion to strike, sought sanctions against defendants pursuant to section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). A hearing was held on plaintiffs' motion, and on May 20, 1987, the trial court entered an order granting plaintiffs' motion to strike defendants' amended answer, affirmative defense and counterclaim and gave defendants 21 days to respond to plaintiffs' complaint. The trial court in its May 20, 1987, order specifically reserved its ruling on the section 2—611 sanctions sought by plaintiffs. Defendants filed their second-amended answer, affirmative defense and counterclaim on June 11, 1987. On October 28, 1987, plaintiffs filed a motion for additional section 2—611 sanctions based on defendants' June 11, 1987, filing of pleadings which were, in part, a verbatim refiling of the same pleadings the trial court previously ordered stricken on May 20, 1987. On November 12, 1987, the trial court, pursuant to cross-motions for summary judgment, ordered stricken parts of defendants' affirmative defense, contained in their second-amended answer. The trial court de-

clined to grant summary judgment to either party. The trial court did not address the issue of sanctions in its order of November 12, 1987.

On April 11, 1988, a bench trial was held. After the parties stipulated to certain facts, testimony was heard and exhibits presented, the trial court entered judgment on April 19, 1988, finding in favor of plaintiffs on plaintiffs' complaints and defendants' counterclaim. The trial court awarded the earnest money and costs to plaintiffs and the accrued interest on the earnest money to defendants. The judgment did not address the issue of section 2—611 sanctions. The parties filed their respective post-trial motions pursuant to section 2—1203 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203). Neither party addressed the issue of sanctions in its post-trial motions. On July 12, 1988, the trial court, after a hearing on the parties' post-trial motions, reversed itself and entered judgment in favor of defendants and against plaintiffs and awarded the earnest money and interest accrued to defendants. Also, on July 12, 1988, the trial court entered an order giving plaintiffs until July 22, 1988, to supplement their motion for section 2—611 sanctions and giving defendants until July 29, 1988, to respond. A hearing on sanctions was set for August 9, 1988.

Plaintiffs filed their supplemental pleadings to their earlier motions for section 2—611 sanctions, and defendants filed their response. The trial court held a hearing on the motion on August 9, 1988, and on that date entered an order taking the matter under advisement and stating that a ruling on the issue would be made and the parties notified by mail within 10 days. On August 10, 1988, plaintiffs filed their notice of appeal seeking a review of the trial court's July 12, 1988, order granting judgment in favor of defendants. On August 24, 1988, the trial court entered judgment for plaintiffs and against defendants on plaintiffs' motions for section 2—611 sanctions previously filed on April 6, and October 28, 1987, and as supplemented by leave of the court. The August 24, 1988, judgment awarded plaintiffs $1,062.50 in attorney fees based on the verbatim refiling by defendants of pleadings which had been previously stricken by the court.

■ A court of review has a duty to consider its jurisdiction to hear an appeal and to dismiss an appeal if jurisdiction is found to be lacking. (*Benet Realty Corp. v. Lisle Savings & Loan Association* (1988), 175 Ill. App. 3d 227, 529 N.E.2d 718.) Plaintiffs seek review of the trial court's order of July 12, 1988, reversing the trial court's earlier judgment for plaintiffs and granting judgment in favor of defendants. The July 12, 1988, order of the court did not dispose of plaintiffs' claim for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) and, therefore, was not

yet appealable under Supreme Court Rule 301 (107 Ill. 2d R. 301). See 107 Ill. 2d R. 304.

■■■ Supreme Court Rule 304 governs the timing of appeals from final orders which do not dispose of an entire proceeding. (107 Ill. 2d R. 304.) A petition for sanctions pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) is a "claim" as that term is used in Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). (*Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372; *Martzaklis v. 5559 Belmont Corp.* (1987), 157 Ill. App. 3d 731, 510 N.E.2d 1148.) Since the order of July 12, 1988, granting judgment for defendants did not dispose of plaintiffs' claim for sanctions pursuant to section 2—611 of the Code, the July 12, 1988, order was not a final order which disposed of all claims between the parties and, therefore, was not appealable absent an express finding by the trial court of "no just reason to delay enforcement or appeal" as required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). (*Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 508 N.E.2d 324; *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372 (held that claim for sanctions pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), at least if filed as part of responsive pleadings, was a claim as that term is used in Supreme Court Rule 304(a), and trial court's order which reserved ruling on the claim for sanctions was not appealable order absent required finding under Rule 304(a)).) On July 12, 1988, the trial court entered judgment in favor of defendants; the trial court also entered an order setting the dates for plaintiffs' supplemental motions for section 2—611 sanctions, defendants' response, and a hearing. The trial court on August 24, 1988, entered a judgment in favor of plaintiffs and against defendants awarding plaintiffs $1,062.50 in attorney fees pursuant to section 2—611 of the Code. The August 24, 1988, order imposing sanctions under section 2—611 resolved the last outstanding claim before the trial court involving plaintiffs and defendants. The notice of appeal filed August 10, 1988, was premature in that it was filed two weeks before the August 24, 1988, order disposing of plaintiffs' claim for sanctions pursuant to section 2—611 of the Code. The August 10, 1988, notice of appeal, being premature, was ineffective in conferring appellate jurisdiction upon this court. (*Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 484 N.E.2d 873; 107 Ill. 2d R. 304(a).) Accordingly, we lack jurisdiction to address the merits of plaintiffs' appeal.

Appeal dismissed.

DUNN and McLAREN, JJ., concur.