FIRST TRUST & SAVINGS BANK OF KANKAKEE, Adm'r of the Estates of Lonzo Glispie *et al.*, Plaintiffs-Appellants, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

Third District    No. 3—85—0169

Opinion filed March 6, 1986.

Edwin W. Sale, of Sale, Schmidt & Serene, of Kankakee, for appellant.

Ralph C. Murphy, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff appeals from the dismissal of its fourth amended complaint. We affirm.

Plaintiff is the administrator of the estates of Lonzo Glispie and J. T. Roberson. Decedents were killed when the citizens band antenna, which they were attempting to remove from the backyard of Edward Palenik, the seller of the antenna, made contact with defendant's power lines.

Counts I and II of the complaint allege that defendant was negligent in maintaining its power lines by failing to insulate adequately, failing to maintain the lines at an adequate height, failing to warn of the danger posed by the lines and by allowing the wires to remain unguarded within the meaning of General Order No. 160 of the Illinois Commerce Commission. Count III, based on specific Commerce Commission rules, seeks actual and punitive damages under the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 77).

The trial court dismissed counts I and II for failure to state a cause of action. In dismissing plaintiff's third amended complaint,

Judge Dyer wrote a thorough memorandum explaining the basis for his ruling. Judge Michela dismissed the fourth amended complaint following Judge Dyer's recusal, but offered no conclusions of law. Thus, our analysis will center on Judge Dyer's order.

Principal reliance was placed on *Clinton v. Commonwealth Edison Co.* (1976), 36 Ill. App. 3d 1064, 344 N.E.2d 509. As here, plaintiff was electrocuted on private property when contact was made with an overhead power line. The court held that there was no duty on defendant's part to guard against the injury in question because it was not reasonably foreseeable.

The plaintiff attempts to distinguish *Clinton* because the instant complaint alleges the existence of an ongoing condition of which defendants were or should have been aware. Plaintiff alleges that a duty to maintain power lines in a particular fashion arose because defendant was on constructive notice of the existence of television and citizens band towers which might make contact with its lines under certain circumstances. This theory is derived from the annotation at Annot., 82 A.L.R. 3d 113 (1978), discussing *Mississippi Power & Light Co. v. Shepard* (Miss. 1973), 285 So.2d 725, and similar cases. To the extent that *Shepard* and its progeny diverge from the general rule that one only has a duty to protect against occurrences which are reasonably foreseeable (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 613), we reject the holding.

If the plaintiff's theory of constructive notice were adopted, it would necessarily entail the rejection of concepts developed over a series of similar cases and cast defendant in the role of insurer. Defendant is doubtless aware of numerous species of hazards which, in the abstract, pose a threat of power line contact. If the prevalence of lofty metal towers is sufficient to raise a duty to protect against dangers from a particular tower, then the defendant should also have a duty to guard against mischievous or curious children, since their existence and propensity to hurt themselves in power line accidents is a matter of common knowledge. But courts have not drawn the line in that fashion.

Instead, it must be the case that the company is on notice of the presence of children playing near a *particular* hazard. (*Nelson v. Commonwealth Edison Co.* (1984), 124 Ill. App. 3d 655, 465 N.E.2d 513.) Hence, the critical determination is whether the company knew or should have known of the *particular* dangerous condition so that it would be reasonably foreseeable that an injury of the kind in question would occur. *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.

■ We believe the instant complaint fails to allege a legal duty. In view of the fact that this represents the plaintiff's fourth attempt to plead a set of facts which would give rise to a legal duty, we are disinclined to remand to allow plaintiff the opportunity to replead. Where the fertile mind of an experienced pleader cannot, after four valiant tries, set forth facts, as opposed to conclusions, stating the necessary elements of a cause of action, we must mercifully say, "Hold! Enough!" Therefore, we affirm the dismissal of counts I and II.

■ The dismissal of count III is also affirmed. Plaintiff alleged that Rules 211 and 214 of General Order 160 were violated by the construction of the power lines in question. Rule 211 states:

> "All electrical supply and communication lines and equipment shall be installed and maintained so as to reduce hazards to life as far as practicable."

Rule 214 is of a similarly general character. The trial court found that Rule 232 took precedence over Rules 211 and 214. Rule 232 provides for a minimum clearance of 15 feet for power lines suspended over "spaces or ways accessible to pedestrians only." The record supports the finding that Rule 232 applied to the lines over the Palenik property. The specific standards of Rule 232 must take precedence over the general standards of Rules 211 and 214.

We therefore affirm the dismissal of the complaint.

Affirmed.

HEIPLE, P.J., and BARRY, J., concur.