ROBERT E. SKEES, Plaintiff-Appellant, v. GROWMARK, INC., *et al.*, Defendant-Appellee (Diversified Buildings, Inc., Third-Party Plaintiff; Star Erection Service, Inc., Third-Party Defendant).

Third District   No. 3—86—0639

Opinion filed August 4, 1987.—Rehearing denied September 3, 1987.

Nat P. Ozmon and Richard B. Rogich, both of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellant.

T. Donald Henson, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle (Robert J. Noe and Robert M. Hansen, of counsel), for appellee Diversified Buildings, Inc.

Robert J. Noe and John P. Harris, both of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee Growmark, Inc.

JUSTICE SCOTT delivered the opinion of the court:

Plaintiff, Robert E. Skees, appeals the dismissal of his cause of action with prejudice pursuant to Supreme Court Rule 219(c)—Failure to Comply with Order or Rules (107 Ill. 2d R. 219(c)), the denial of his motion to vacate the trial court's order of dismissal, and the denial of his request for leave to file a third amended complaint.

On April 15, 1982, Robert E. Skees filed a complaint pursuant to the Illinois Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69), seeking recovery for injuries received in a fall from a ladder while working in an area allegedly under the control of defendants, F & S, Inc., and Diversified Buildings, Inc. On January 13, 1983, Skees filed an emergency motion to file an amended complaint naming F. S. Services, Inc., Growmark, Inc., F. S. Services, Inc., a division of Growmark, Inc., and Growmark, Inc., d/b/a F. S. Services, Inc., as additional defendants. Skees' motion was granted and his complaint was amended by adding the parties as defendants.

On February 18, 1983, Diversified Buildings, Inc., filed a motion for sanctions alleging Skees failed to comply with discovery and failed to make a reasonable attempt to resolve differences concerning discovery disputes pursuant to Supreme Court Rule 201(k) (107 Ill. 2d R. 201(k)). The motion was granted and Skees' action was dismissed with prejudice. The trial court thereafter vacated its order of dismissal on motion of Skees' counsel to vacate. In July 1983, Skees obtained service on the defendants who were added in January, and a verified motion was filed by these defendants alleging they had no legal connection with the project Skees was working on when injured. The trial court entered an order dismissing these parties from the suit on December 5, 1983.

A hearing was held on a motion filed by Growmark, Inc., and joined in by Diversified Buildings, Inc., on April 3, 1984, challenging the adequacy of Skees' complaint, claiming it did not set forth separate claims and separate counts as required by our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(b)). The trial court entered an order granting, *inter alia*, leave to Skees to file an amended complaint within 28 days. Skees' counsel did not file an

amended complaint within the time allowed and 17 months later, during a pretrial conference, sought leave of court to file an amended complaint. The trial court on October 1, 1985, granted the request and Skees' counsel was given until October 15, 1985, to file an amended complaint. The trial court advised Skees' counsel that if the amended complaint was not on file on October 15, 1985, the suit would be dismissed with prejudice. Six days after the court's deadline, Skees' counsel filed a second amended complaint naming as defendants those parties dismissed from the suit 22 months earlier. Further, Skees' counsel did not set forth separate claims and separate counts pursuant to our Code of Civil Procedure as instructed in the court's order of April 3, 1984. The defendants filed motions to dismiss and, after hearing, the court granted the motions and dismissed Skees' complaint with prejudice on February 19, 1986.

Skees' counsel thereafter filed a motion to vacate judgment and a motion for leave to file a third amended complaint, alleging a heavy case and trial workload as grounds for not filing said motions on time. The third amended complaint offered on motion did not set forth the separate claims and separate counts as earlier directed by the court. Hearing was held August 21, 1986, on both motions, wherein the trial court found there existed a pattern of conduct by Skees' counsel which demonstrated deliberate and willful disregard of the court's orders. The trial court entered a written order of record denying Skees' motions on October 26, 1986, and copies of the order were sent to all parties. Skees' counsel thereafter filed a notice of appeal with the clerk of the circuit court on September 25, 1986.

■■ ■ We first direct our attention to the argument of F & S, Inc., and Diversified Buildings, Inc., which requests dismissal of the Skees appeal, contending he failed to timely serve them with notice of the date of filing of the notice of appeal, along with a copy of the notice of appeal filed with the circuit clerk. It is well settled that a notice of appeal must be filed with the clerk of the circuit court within 30 days after entry of the order or judgment appealed from. After filing of the notice of appeal, a copy of the notice of appeal, together with notice of the date of filing, is to be served within seven days on every other party. Further, timely filing of the notice of appeal is jurisdictional and may not be waived. 107 Ill. 2d Rules 303(a), (d); *Lubben v. Lubben* (1985), 135 Ill. App. 3d 302, 481 N.E.2d 856; *Country Mutual Insurance Co. v. National Bank of Decatur* (1969), 109 Ill. App. 2d 133, 248 N.E.2d 299.

■■ Skees' motion to vacate the trial court's dismissal order was

denied after the hearing held August 21, 1986. On August 26, 1986, a written order from the hearing transcript was filed by the court and copies sent to all parties. Skees filed his notice of appeal on September 25, 1986, 34 days after the hearing, but 29 days after the transcript was sent to all parties. The issue presented is when did the judgment of the court become final and appealable. We find that the order became final and appealable on August 26, 1986, the date the court's written order from the hearing transcript was filed and copies sent to all parties. 107 Ill. 2d R. 272.

The record reveals that the trial judge's memorandum opinion and order taken from the transcript was filed and signed as entered on August 26, 1986. We conclude that the intent of the trial court was that judgment be considered final and appealable on the date of filing and of mailing copies to all parties. Skees' notice of appeal therefore was timely filed with the clerk of the circuit court.

■ The addressee section, beginning with the directive "TO:", of the notice of appeal filed in this case referred only to counsel for Growmark, Inc., and Star Erection Service, Inc. This section of the notice of appeal did not name Diversified Buildings, Inc., or its counsel. Further, the notice of the date of filing of the notice of appeal itself was not sent to Diversified's counsel until 12 days after filing in contravention of the requirement that a copy of the notice of appeal be served no later than seven days after filing in the circuit court. (107 Ill. 2d R. 303(d).) Though not all parties were identified in the notice of appeal filed in the circuit court of Henry County, Diversified Buildings, Inc., did receive the notice 12 days after the filing with the circuit court. We find the omission of naming Diversified Buildings, Inc., or its counsel, in the notice of appeal to be *de minimus* error cured by their acknowledged actual receipt of the notice of appeal. We hold the instant appeal to have been sufficiently perfected and that Skees' failure to serve the notice of appeal on all parties within seven days did not prejudice Diversified Buildings, Inc., so as to warrant our dismissal of this appeal.

■ ■ Skees contends the trial court abused its discretion when it (1) dismissed his case with prejudice for failure to comply with a pretrial order, (2) refused to vacate the dismissal order, and (3) denied leave to file a third amended complaint. A trial court's dismissal of a cause of action with prejudice is a drastic sanction and should only be imposed where the actions of the party show a deliberate disregard of the court's authority. (*In re Estate of Fado* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.) The grounds relied on by a trial court in dismissing a cause of action will be affirmed on

review when there has been a showing of deliberate and willful disregard of the court's authority. *Simmons v. Shimek* (1985), 139 Ill. App. 3d 927, 488 N.E.2d 283.

■ In the instant case, the trial court, before ruling on the motions to dismiss, reviewed the entire record beginning in April 1982, and concluded as follows:

> "[T]he court *** feels that this is not an isolated incident—one time being late seven days. But if you look at the entire record there is a pattern of conduct by plaintiff's counsel which ended up finally on February 19th, 1986, which taken together show a very clear and deliberate and willful disregard of the court's prior order."

It is well settled that a trial court's factual findings must be accepted on review unless found to be against the manifest weight of the evidence. (*Magnone v. Chicago & North Western Transportation Co.* (1984), 126 Ill. App. 3d 170, 466 N.E.2d 1261.) The record clearly reveals that the sanction of dismissal with prejudice was not imposed by the trial court merely because a pleading was filed six or seven days late. Skees' failure to timely file his second amended complaint on October 15, 1985, was only one of a series of actions evidencing continuing disregard for court orders and the rights of the defendants. Skees' second amended complaint ignored prior court orders concerning earlier dismissal of individual defendants, the separation of various claims and counts, and included conclusions stricken in prior hearings. The third amended complaint presented on motion to the trial court continued this pattern of defective pleading.

■ A trial court is not required to permit a party to repeatedly file pleadings which do not cure defects which the court previously held must be corrected before proceedings may be continued. (*Lakeside Villas Homeowners Association, Inc. v. Zale Construction Co.* (1986), 145 Ill. App. 3d 505, 495 N.E.2d 1100.) The past actions of Skees' counsel reflect a lack of diligent compliance with court orders and it was not unreasonable for the trial court to conclude this dilatoriness would continue. Therefore, a dismissal with prejudice was the proper sanction when such intent is shown.

Based on our review of the record, we fail to find an abuse of discretion by the trial court when it imposed the sanction of dismissing with prejudice Skees' cause of action pursuant to Supreme Court Rule 219(c)—Failure to Comply with Order or Rules (107 Ill. 2d R. 219(c)), nor do we find it an abuse of discretion for the trial court to deny Skees' subsequent motion to vacate the order of dismissal or

his request for leave to file a third amended complaint.

Accordingly, the judgment of the circuit court of Henry County is affirmed in all respects.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.