2021 IL App (1st) 200550-U

FIFTH DIVISION
Order filed: February 5, 2021

No. 1-20-0550

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IRENE RODIK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| v. | ) | |
| | ) | |
| DR. NGOZI EZIKE, in her official | ) | |
| capacity as DIRECTOR of the | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| PUBLIC HEALTH, an Illinois | ) | No. 2018 CH 00173 |
| Government Agency and PONNI | ) | |
| ARUKUMAR, M.D., in her official | ) | |
| capacity as COOK COUNTY | ) | |
| MEDICAL EXAMINER, a Government | ) | |
| Agency of the County of Cook. | ) | Honorable |
| | ) | Sanjay T. Tailor, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court order dismissing the plaintiff's action for failure to state causes of action for *mandamus* and declaratory judgment is affirmed.

¶ 2    The plaintiff, Irene Rodik, appeals from an order of the circuit court, dismissing her actions for *mandamus* and declaratory judgment against the defendants, Dr. Ngozi Ezike and Dr. Ponni Arukumar, for failure to state causes of action. For the reasons that follow, we affirm.

¶ 3    The plaintiff commenced the instant action with the filing of a four-count complaint seeking *mandamus* and a declaratory judgment against both defendants. In her complaint, the plaintiff alleged the following facts relevant to the disposition of this appeal.

¶ 4    On November 16, 2016, Valerie Teper, the plaintiff's daughter, was found unresponsive in her apartment and later pronounced dead. Dr. Arukumar, in her official capacity as Chief Medical Examiner for the County of Cook, prepared a Postmortem Examination Report, stating that Teper died of furanyl fentanyl toxicity and listing the manner of death as "Accident." Dr. Arukumar certified the results of Teper's postmortem examination, and a death certificate was issued listing her manner of death as "ACCIDENT."

¶ 5    The plaintiff made a request upon the Illinois Department of Public Health (IDPH) to correct Teper's death certificate to state that her manner of death was "Homicide-unsolved." The IDPH responded by informing the plaintiff that it is the responsibility of the Cook County Medical Examiner to make corrections to the manner of death listed on Teper's death certificate and that the IDPH would make the correction on the recommendation of the Cook County Medical Examiner.

¶ 6    Dr. Arukumar authored a letter dated February 5, 2019, denying the request to correct the manner of death stated on Teper's death certificate. The letter states that "[t]he manner of Accident applies 'when an injury or poisoning causes death and there is little or no evidence that the injury or poisoning occurred with intent to harm or cause death. In essence the fatal outcome was

unintentional.' " The letter went on to state: "The level of Fentanyl that was in her [Tepper's] system did not deem this case as Suicide. We also cannot rule this Homicide based on the information available to us."

¶ 7　On September 19, 2019, the plaintiff filed the instant action. Count I of her complaint sought a writ of *mandamus* compelling Dr. Ezike, in her official capacity as the director of the IDPH, to correct the cause of death on Teper's death certificate from accidental to homicide. Count II of her complaint sought a writ of *mandamus* compelling Dr. Arukumar, in her official capacity as Cook County Medical Examiner, to correct the cause of death on Teper's death certificate from accidental to homicide. Count III of her complaint sought, *inter alia*, a judgment declaring that Dr. Ezike, in her official capacity as the director of the IDPH, "be ordered to correct the death certificate of Teper to state that the manner of death was homicide and not accidental." Count IV sought a judgment declaring, *inter alia*, that Dr. Arukumar, in her official capacity as Cook County Medical Examiner, "be ordered to correct the death certificate of Teper to state that the manner of death was homicide and not accidental."

¶ 8　On November 1, 2019, Dr. Arukumar filed a motion to dismiss the plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), arguing that the plaintiff's complaint failed to state claims for either *mandamus* or declaratory judgment. On March 10, 2020, the circuit court entered an order, granting Dr. Arukumar's motion "with prejudice," denying the plaintiff's oral motion for leave to file an amended complaint, and terminating the case "in its entirety." This appeal followed.

¶ 9　This matter was disposed of at the trial level on a motion to dismiss pursuant to section 2-615 of the Code. Consequently, the only question before this court is whether the dismissed counts

state causes of action upon which relief can be granted. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 505 (1990). The issue presented is one of law, and our review is *de novo*, independent of the reasoning of the trial court on the question. *T & S Signs, Inc. v. Village of Wadsworth*, 261 Ill. App. 3d 1080, 1084 (1994).

¶ 10    *Mandamus* is an extraordinary remedy to enforce, as a matter of right, "the performance of official duties by a public officer where no exercise of discretion on his part is involved." *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986). "For a complaint seeking *mandamus* to withstand a challenge to its legal sufficiency, it must allege facts which establish a clear right to the relief requested, a clear duty of the respondent to act, and clear authority in the respondent to comply with the writ." *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997). "As a general matter, *mandamus* will lie only to direct an official to perform an act which is purely ministerial or, put another way, *mandamus* will issue to order an individual to do an act over which he has no discretion." *Dennis E. v. O'Malley*, 256 Ill. App. 3d 334, 341 (1993).

¶ 11    In support of her argument that the circuit court erred in dismissing her *mandamus* action, the plaintiff asserts that Dr. Arukumar's classification of the manner of Teper's death on her death certificate is a ministerial function and not a discretionary act. In support of the argument, the plaintiff relies upon the provisions of section 9-3.3 of the Criminal Code of 2012, which provides that the unlawful delivery of a controlled substance to another causing the death of that person by injection, inhalation, absorption, or ingestion of the controlled substance is a homicide. 720 ILCS 5/9-3.3(a) (West 2014). Having alleged that Teper died from an injection of furanyl fentanyl, a controlled substance that she could not have legally obtained, and that "[t]he furanyl fentanyl [a controlled substance] found in TEPER'S system was neither described as either methamphetamine

or other bath salts" (see 720 ILCS 570/401 (West 2014), the plaintiff reasons that classifying the manner of Teper's death as a homicide is a ministerial act. We disagree.

¶ 12     The supreme court has defined the terms "discretionary" and "ministerial" as follows:

> "[D]iscretionary acts are those which are *unique to a particular public office*, while ministerial acts are those which a person performs on a given state of facts in a *prescribed manner, in obedience to the mandate of legal authority*, and without reference to the official's discretion as to the propriety of the act." (Emphases added.)*Snyder v. Curran Township*, 167 Ill. 2d 466, 474 (1995).

A strong argument can be made that the completion of a death certificate is a ministerial act on the part of the Cook County Medical Examiner. However, the opinions contained therein, such as the manner of death, are not. The classification of the manner of the decedent's death as either accident, suicide, or homicide is the opinion of the author informed by the facts surrounding the death and the author's judgment, education, and experience.

¶ 13     Assuming, for the sake of analysis only, that the plaintiff is correct in her assertion that Dr. Arukumar erroneously classified the manner of Teper's death on her death certificate as "Accident" when it should have been classified as a homicide, the remedy of *mandamus* cannot be used to compel Dr. Arukumar to, as the plaintiff requested, "correct the cause of death on TEPER's death certificate from accidental to homicide." *Mandamus* is a proper remedy only when the acts to be compelled are purely ministerial and require no exercise of judgment by the public officer. *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60 (1989). " '*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously

exercised.' " *Mabwa v. Mendoza*, 2014 IL App (1st) 142771, ¶ 36, (quoting *Crump*, 181 Ill. App. 3d at 60).

¶ 14    As the relief prayed in her *mandamus* action against Dr. Arukumar sought an order compelling the performance of a discretionary act, Count II of the plaintiff's complaint failed to state a cause of action and was properly dismissed by the circuit court on those grounds. We next address the propriety of the circuit court's dismissal the plaintiff's declaratory judgment action against Dr. Arukumar, which was pled in Count IV of her complaint.

¶ 15    The plaintiff is correct in asserting in her brief that she sought a declaratory judgment against Dr. Arukumar "based on the same *** allegations in support of her *mandamus* count." In the first paragraph of the relief sought by the plaintiff in Count IV of her complaint, the declaratory judgment action against Dr. Arukumar, she sought essentially the same relief that she sought in her *mandamus* action; namely, a "judgment declaring that the Defendant Ponni Arukumar, M.D., in her official capacity as Cook County Medical Examiner be ordered to correct the death certificate of TEPER to state that her manner of death was a homicide and not accidental."

¶ 16    In analyzing a pleading, courts look to the content of the pleading rather than its label. *Padilla v. Vasquez*, 223 Ill. App. 3d 1018, 1023 (1991). The relief sought by the plaintiff in Count IV, in the form of an order directing Dr. Arukumar to correct Teper's death certificate to state that her manner of death was a homicide and not accidental, is nothing more than a prayer for *mandamus* masquerading under Count IV's caption of "DECLARATORY JUDGMENT." And for the same reasons stated in support of our finding that Count II of the plaintiff's complaint failed to state a cause of action, we find that the request for *mandamus* relief in Count IV also fails to

state a cause of action. The plaintiff argues, however, that it is the additional relief sought in Count IV which entitles her to declaratory judgment relief. Again, we disagree.

¶ 17    The test of the sufficiency of a complaint seeking a declaratory judgment action is whether the complaint alleges facts showing an actual or justiciable controversy between the parties. *AG Farms, Inc. v. American Pemier Underwriters, Inc.*, 296 Ill. App. 3d 684, 689 (1998). The elements of an action for declaratory judgment are: "(1) a plaintiff with a tangible legal interest, (2) a defendant with an adverse interest, and (3) an actual controversy regarding that interest." *Id.*

¶ 18    The second paragraph of relief prayed by the plaintiff in Count IV of her complaint sought:

"[A] judgment that the Defendant Ponni Arukumar [M.D.]'s failure to correct Teper's death certificate manner of death from accidental to homicide violates the drug induced homicide statute as set forth in 720 ILCS 5/9-3.3 and violates REDIK'S [the plaintiff] rights as a victim pursuant to the Rights of Crime Victims and Witnesses Act. (725 ILCS 120/1; et al)"

The allegations of the plaintiff's complaint fail to show either an interest adverse to the interests of Dr. Arukumar or an actual controversy between the parties.

¶ 19    Section 9-3.3 of the Criminal Code of 2012 (720 ILCS 5/9-3.3 (West 2014)), upon which the plaintiff relies, is a criminal statute setting forth the elements of drug-induced homicide. Nowhere in that statute are any rights created in favor of an individual relating to the determination of the manner of a person's death set forth in a death certificate. The statute creates no tangible rights in favor of the plaintiff. As for the plaintiff's status as a victim pursuant to the provisions of section 3 the Rights of Crime Victims and Witnesses Act (725 ILCS 120/3 (West 2018)), Count IV of the plaintiff's complaint identifies no interest of Dr. Arukumar that is adverse to the interests

of the plaintiff in establishing her status as a victim. We conclude, therefore, that Count IV of the plaintiff's complaint seeking a declaratory judgement fails to state a cause of action and was properly dismissed by the circuit court.

¶ 20     The brief filed by the plaintiff in this case addresses only the dismissal of the claims for *mandamus* and declaratory judgment pled against Dr. Arukumar. However, the circuit court's order states that the plaintiff's action "is terminated in its entirety." The plaintiff has made no argument as to the propriety of the circuit court's order as it relates to her claims against Dr. Ezike. Illinois Supreme Court Rule 341(7) (eff. May 25, 2018) provides that issues not argued in an appellant's brief are forfeited. The plaintiff, therefore, has forfeited any issue relating to the propriety of the dismissal of her claims against Dr. Ezike. Forfeiture aside, we find that the claims against Dr. Ezike set forth in Counts I and III of the plaintiff's complaint fail to state causes of action for the same reasons set forth above supporting our finding that the claims against Dr. Arukumar failed to state causes of action.

¶ 21     Finally, the plaintiff argues that her action should not have been dismissed "with prejudice," and we should remand this matter to the circuit court with directions to allow her to file an amended complaint. The decision of whether to allow a plaintiff to file an amended complaint rests within the sound discretion of the trial court, and its decision will not be disturbed on appeal absent an abuse of discretion. *Lakeside Villas Homeowners Association, Inc. v. Zale Construction Company*, 145 Ill. App. 3d 505, 509 (1986). A primary factor in determining whether leave should be given to file an amended complaint is whether an amended complaint could cure the defects in the dismissed complaint. *Id.*

¶ 22    We believe that no cause of action could be pled against Dr. Arukumar or Dr. Ezike for either *mandamus* or declaratory judgment based upon the facts alleged by the plaintiff in this case. We find, therefore, that the circuit court did not err in dismissing the plaintiff's action "with prejudice" and did not abuse its discretion in denying the plaintiff's oral motion to file an amended complaint.

¶ 23    For the reasons stated, we affirm the March 10, 2020 judgment of the circuit court.

¶ 24    Affirmed.